**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA § Claim No: 1998A12422
§
vs. §
§
Johnnie U. O'Neal

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

**Jurisdiction**

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

**Venue**

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 1981 W. Mcnichols Road Apartment C309, Highland Park, Michigan 48203.

**The Debt**

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $3,065.63 |
| B. Current Capitalized Interest Balance and Accrued Interest | $3,506.43 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $340.91 |

| | |
|---|---|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$6,572.06** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

**Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: Johnnie U. O'Neal
Address: 1671 W. Buena Vista St.
Detroit, MI 48238

S:

Total debt due United States as of 11/24/97: $ 3,321.81

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $ 3,065.63 from 11/24/97 at the annual rate of 8%. Interest accrues on the principal amount of this debt at the rate of $ .67 per day.

The claim arose in connection with a Government insured or guaranteed loan(s) made by a private lender and assigned to the United States.

On 10/27/89 & 03/27/90 the debtor executed promissory note(s) to secure loan(s) from Farmers & Merchants Bank under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. Part 682). The holder demanded payment according to the terms of the notes(s) and on 05/23/91 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $ 296.68 thereby increasing the principal balance due to $ 4,910.17.

After application of the last voluntary payment of $ 32.49 which was received on 09/12/97 the debtor now owes the following:

| | |
|---|---|
| Principal: | $ 3,065.63 |
| Interest: | $ 256.18 |
| Administrative/Collection Costs: | $ 0.00 |
| Penalties: | $ 0.00 |

CERTIFICATION: Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

11/26/97
(Date)

James Kenner
Loan Analyst
Litigation Branch

HIGHER EDUCATION ASSISTANCE FOUNDATION
P.O. BOX 64107 • ST. PAUL, MN 55164-0107

After lender completes application, mail HEAF copy only to address.

HEAF USE ONLY

GUARANTEED STUDENT LOAN (GSL) APPLICATION PROMISSORY NOTE

SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK—PRESS FIRMLY—OR TYPE)

1. NAME (NO NICKNAMES) LAST O'Neal FIRST Johnnie M I U
2. SOCIAL SECURITY NUMBER
3. WHEN WERE YOU BORN?
4. PERMANENT ADDRESS 356 E Grand Blvd #407
5. PERMANENT HOME PHONE (313) 571-7513
CITY Detroit STATE Mich ZIP 48207
6. U.S. CITIZENSHIP STATUS (CHECK 1 OR 2) 1 ☑ U.S. CITIZEN OR NATIONAL 2 ☐ PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN
ALIEN ID NUMBER IF APPLICABLE
7. PERMANENT RESIDENT OF WHICH STATE Mi
8a. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, PRINT
8b. STATE IN WHICH LICENSE ISSUED Mich
9. ADDRESS OF BORROWER WHILE IN SCHOOL (STREET, CITY, STATE, ZIP) Same as above
10. PHONE AT SCHOOL ADDRESS (313) 552-6613
11. MAJOR COURSE OF STUDY; SEE CODES IN INSTRUCTIONS IN APP. BOOKLET C.T 8
12. LOAN AMOUNT REQUESTED $ 2625 .00
13. LOAN PERIOD FROM MO 11 YR 89 TO MO 3 YR 90

PRIOR LOAN INFORMATION: READ INSTRUCTIONS IN THE APPLICATION BOOKLET

14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☐ YES (GIVE DETAILS ON SEPARATE SHEET) ☑ NO
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? ☐ YES (GO TO 15b) ☑ NO (GO TO 20a)
15b. IF YES, TOTAL UNPAID BALANCE OF GSL LOANS $
16. UNPAID PRINCIPAL BALANCE OF MOST RECENT PRIOR GSL $
17. GRADE LEVEL OF MOST RECENT PRIOR GSL; SEE INSTRUCTIONS IN APP. BOOKLET
18. LOAN PERIOD START DATE OF MOST RECENT PRIOR GSL MO DAY YR
19. INTEREST RATE OF MOST RECENT PRIOR GSL ☐ 7% ☐ 8% ☐ 9%

REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

PARENT/GUARDIAN 20a. NAME Glacia McCray STREET 13369 Gable CITY, STATE, ZIP Det Mi PHONE

RELATIVE/FRIEND 20b. NAME Sylvia Matthews STREET 4300 Somerset CITY, STATE, ZIP Det Mi

RELATIVE/FRIEND 20c. NAME Gloria Coleman STREET 3551 Helen CITY, STATE, ZIP Det Mi

NOTICE TO BORROWER: *You agree that the lender identified in Section C is the lender you have chosen. You must read the additional Promissory Note terms and the Borrower's Certification on the reverse side before signing this Promissory Note.*
PROMISE TO PAY: *I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and the Origination Fee and Interest of the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and to the terms and conditions contained in the Disclosure Statement that will be provided to me no later than the time of the first disbursement of this loan. I have read, I understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note.*
*I understand that this is a Promissory Note. I will not sign it before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.*

21a. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE) X Johnnie O'Neal
21b. DATE BORROWER SIGNED MO 10 DAY 27 YR 89

SECTION B - TO BE COMPLETED BY SCHOOL (BORROWER: DO NOT WRITE IN SECTIONS BELOW)

22. NAME OF SCHOOL Career Development Institute
24. PHONE (313) 552-6613
25. SCHOOL CODE 008432
23. ADDRESS (STREET, CITY, STATE, ZIP) 21700 Northwestern Hwy, Southfield Mi. 48075
26. SCHOOL BRANCH 0000
27.
28. PERIOD LOAN WILL COVER FROM MO 11 DAY 13 YR 89 TO MO 3 DAY 27 YR 90
29. STUDENT'S GRADE LEVEL (CHECK ONE) CORRESP. 0 UNDERGRAD. ☑1 2 3 4 5 GRAD. 6 7 8 9 10
30. ANTICIPATED GRADUATION DATE MO 8 DAY 17 YR 90
31. STUDENT STATUS (CHECK ONE) ☐ DEPENDENT ☑ INDEPENDENT
32. ADJUSTED GROSS INCOME (AGI) $ 5,347
33. COST OF ATTENDANCE FOR LOAN PERIOD $ 7,151.
34. ESTIMATED FINANCIAL AID FOR LOAN PERIOD $ 2300
35. EXPECTED FAMILY CONTRIBUTION (EFC) $ 7
36. DIFFERENCE (ITEM 33 LESS ITEMS 34 AND 35) OR LEGAL MAXIMUM $ 4844
37. SUGGESTED DISBURSEMENT DATES 1ST DISB. MO 12 DAY 28 YR 89 2ND DISB. MO DAY YR 3RD DISB. MO DAY YR
38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? YES ☑ NO ☐
39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? YES ☐ NO ☑
40. SCHOOL USE ONLY
I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION.
41a. SIGNATURE OF SCHOOL OFFICIAL X Liddie Kennedy
41b. DATE MO 12 DAY 15 YR 89
41c. PRINT NAME AND TITLE Liddie Kennedy, Mgr. of Adm

SECTION C - TO BE COMPLETED BY LENDER

42. NAME OF LENDER ~~Norwest~~ ~~1st Amer Savings Bk.~~ 804483
44. LENDER CODE ~~830514~~ ~~830258~~
48. LOAN DISBURSEMENTS MO 01 DAY 30 YR 90 AMOUNT $ 2625
43. ADDRESS (STREET, BUILDING) FARMERS & MERCHANTS BANK 240 W. 4th
45. BRANCH CODE
CITY, STATE, ZIP COLBY, KS 67701 (913) 462-3321
46.
50. IS THIS AN UNSUBSIDIZED LOAN? YES ☐ NO ☒
51. LENDER ACCOUNT NUMBER Lender Code #804-483
LENDER USE ONLY
47.
49. TOTAL LOAN AMOUNT APPROVED $ 2625 .00

SECTION D - TO BE COMPLETED BY HEAF

53a. SIGNATURE OF LENDING OFFICIAL X Mary Bates
53b. DATE SIGNED MO 01 DAY 23 YR 90
54. HEAF USE ONLY
55. PROMISSORY NOTE STATUS
53c. PRINT NAME AND TITLE Mary Bates - SLC

A304
GSL-F0304A 2-88

LENDER COPY

0 3 1 4 3 0 4 7 6 0 4

## AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

| SIGNATURE | |
|---|---|
| X J. McLaughlin | |
| TITLE Claims Analyst | DATE 12-18-91 |

F0025 10-87

GSL A304 A305 A307 2-88

HIGHER EDUCATION ASSISTANCE FOUNDATION
P.O. BOX 64107 • ST. PAUL, MN 55164-0107

After lender completes application, mail HEAF copy only ... address.

HEAF USE ONLY

GUARANTEED STUDENT LOAN (GSL) APPLICATION PROMISSORY NOTE

SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK—PRESS FIRMLY—OR TYPE)

1. NAME (AND NICKNAMES) LAST O'Neal FIRST Johnnie M.I. W

2. SOCIAL SECURITY NUMBER 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-000

3. WHEN WERE YOU BORN?

4. PERMANENT ADDRESS 356 E Grand Blvd #407

5. PERMANENT HOME PHONE (313) 571-7513

CITY Detroit STATE Mi ZIP 48207

6. U.S. CITIZENSHIP STATUS (CHECK 1 OR 2) 1 [X] U.S. CITIZEN OR NATIONAL 2 [ ] PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN

ALIEN ID NUMBER IF APPLICABLE

7. PERMANENT RESIDENT OF WHICH STATE MI.

8a. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE...)

8b. STATE IN WHICH LICENSE ISSUED Mich

9. ADDRESS OF BORROWER WHILE IN SCHOOL (STREET, CITY, STATE, ZIP) Same as above

10. PHONE AT SCHOOL ADDRESS (313) 552-2601

11. MAJOR COURSE OF STUDY, SEE CODES IN INSTRUCTIONS IN APP. BOOKLET Computer Technology

12. LOAN AMOUNT REQUESTED $ 2265.00

13. LOAN PERIOD FROM MO 3 YR 90 TO MO 8 YR 90

PRIOR LOAN INFORMATION: READ INSTRUCTIONS IN THE APPLICATION BOOKLET

14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? [ ] YES (GIVE DETAILS ON SEPARATE SHEET) [X] NO

15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? [X] YES (GO TO 15b) [ ] NO (GO TO 20a)

15b. IF YES, TOTAL UNPAID BALANCE OF GSL LOANS $ 2625

16. UNPAID PRINCIPAL BALANCE OF MOST RECENT PRIOR GSL $ 2625

17. GRADE LEVEL OF MOST RECENT PRIOR GSL; SEE INSTRUCTIONS IN APP. BOOKLET one

18. LOAN PERIOD START DATE OF MOST RECENT PRIOR GSL MO 11 DAY 13 YR 89

19. INTEREST RATE OF MOST RECENT PRIOR GSL [ ] 7% [X] 8% [ ] 9%

REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

PARENT / GUARDIAN: 20a. NAME Glacia McCray STREET 3649 Gable CITY, STATE, ZIP D-t Mi

RELATIVE / FRIEND: 20b. NAME Sylvia Matthews STREET 4302 Somerset CITY, STATE, ZIP Det, Mi

RELATIVE / FRIEND: 20c. NAME Gloria Coleman STREET 5531 Helen CITY, STATE, ZIP Det, Mi

*NOTICE TO BORROWER: You agree that the lender identified in Section C is the lender you have chosen. You must read the additional Promissory Note terms and the Borrower's Certification on the reverse side before signing this Promissory Note.*

*PROMISE TO PAY: I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and the Origination Fee and Interest of the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and to the terms and conditions contained in the Disclosure Statement that will be provided to me no later than the time of the first disbursement of this loan. I have read, I understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note.*

*I understand that this is a Promissory Note. I will not sign it before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.*

21a. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE) X Johnnie O'Neal

21b. DATE BORROWER SIGNED MO 3 DAY 27 YR 90

SECTION B - TO BE COMPLETED BY SCHOOL (BORROWER: DO NOT WRITE IN SECTIONS BELOW)

22. NAME OF SCHOOL CDI Career Development Institute

24. PHONE (313) 556-6613

25. SCHOOL CODE 008432

23. ADDRESS (STREET, CITY, STATE, ZIP) 21700 Northwestern Hwy, Southfield Mi. 48075

26. SCHOOL BRANCH 0000

27.

28. PERIOD LOAN WILL COVER FROM MO 3 DAY 28 YR 90 TO MO 8 DAY 17 YR 90

29. STUDENT'S GRADE LEVEL (CHECK ONE) CORRESP. [0] UNDERGRAD. [1] [X 2] [3] [4] [5] GRAD. [6] [7] [8] [9] [10]

30. ANTICIPATED GRADUATION DATE MO 8 DAY 17 YR 90

31. STUDENT STATUS (CHECK ONE) [ ] DEPENDENT [X] INDEPENDENT

32. ADJUSTED GROSS INCOME (AGI) $ 5341

33. COST OF ATTENDANCE FOR LOAN PERIOD $ 5720

34. ESTIMATED FINANCIAL AID FOR LOAN PERIOD $ -0-

35. EXPECTED FAMILY CONTRIBUTION (EFC) $ 5

36. DIFFERENCE (ITEM 33 LESS ITEMS 34 AND 35) OR LEGAL MAXIMUM $ 5715.

37. SUGGESTED DISBURSEMENT DATES

1ST DISB. MO 4 DAY 13 YR 90 — 2ND DISB. MO 6 DAY 25 YR 90 — 3RD DISB. MO DAY YR

38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? YES [ ] NO [ ]

39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? YES [ ] NO [ ]

40. SCHOOL USE ONLY

I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION.

41a. SIGNATURE OF SCHOOL OFFICIAL X Liddie Kennedy

41b. DATE MO 4 DAY 2 YR 90

41c. PRINT NAME AND TITLE Liddie Kennedy, Fin. Aid Adm.

SECTION C - TO BE COMPLETED BY LENDER

42. NAME OF LENDER Farmers & Merchants

FARMERS & MERCHANTS BANK
240 W. 4th
COLBY, KS 67701
(913) 462-3321
Lender Code #804-483

43. ADDRESS (STREET, BUILDING)

CITY, STATE, ZIP

44. LENDER CODE 804483

45. BRANCH CODE

46.

48. LOAN DISBURSEMENTS

| MO | DAY | YR | AMOUNT |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

50. IS THIS AN UNSUBSIDIZED LOAN? YES [ ] NO [X]

51. LENDER ACCOUNT NUMBER

52. LENDER USE ONLY

47.

49. TOTAL LOAN AMOUNT APPROVED $ 2265.00

SECTION D - TO BE COMPLETED BY HEAF

53a. SIGNATURE OF LENDING OFFICIAL X Kristi Terrell

53b. DATE SIGNED MO 4 DAY 3 YR 90

54. HEAF USE ONLY

55. PROMISSORY NOTE STATUS

53c. PRINT NAME AND TITLE Kristi Terrell SLC

A304
GSL-F0304A 2-88

LENDER COPY

[illegible]

D. DISCLOSURE OF LOAN IN[illegible]

[illegible]

C. GENERAL

[illegible]

D. REPAYMENT

[illegible] obligation to repay this loan shall be [illegible]

E. PREPAYMENT

[illegible] The amount of any such rebate will be computed by the same method by which [illegible]

F. DEFERMENT

[illegible] of the payments [illegible] make as [illegible] authorized by [illegible] obtain such [illegible] and Regulations [illegible] required forms [illegible]

G. FORBEARANCE

[illegible] in accordance with the terms established under Repayment in this Note, [illegible] modify these terms. I understand that such modification would be [illegible] regulations adopted [illegible] modification of repayment [illegible] this Note) and that during [illegible] interest, which the lender may (a) collect from [illegible] of this loan.

H. DEFAULT

[illegible] understand that under [illegible] Regulations, any of the following [illegible] this failure persists for 180 days [illegible] or 240 days for a loan repayable in less frequent [illegible]

[illegible] purpose of obtaining this loan.
[illegible] educational purposes.
[illegible] the application for the time identified as my loan [illegible]

[illegible] (a) drop to less than a half-time student, (b) change my [illegible] change my permanent address.

[illegible] this loan.
[illegible] amount of the loan, including interest, immediately due [illegible]

[illegible] may disclose to schools I have attended (or am currently [illegible]

[illegible] all Title IV programs and any of the following federal [illegible] Opportunity Grant, College Work-Study, State [illegible] called National Direct Student Loan) Guaranteed [illegible] Students (SLS), PLUS loans, or Consolidation Loans; [illegible] under Repayment and Deferment in this Note; [illegible] including attorney's fees, that are permitted by federal [illegible] amounts if the loan is referred for collection to an [illegible] Collection Practices Act, I will pay collection costs not to [illegible] and accrued interest. Declaring these amounts immedi[illegible] lender, which it may do only after complying with appli[illegible]. Failure to exercise this option does not constitute a [illegible] later date; [illegible] be required to pay HEAF all amounts owed.

[illegible] late charge if I fail to pay all or part of a required [illegible] fail to provide written evidence that verifies [illegible] Deferment in this Note. A late charge [illegible] late installment.

[illegible]TION

[illegible] its repayment will be reported to one or more [illegible] *loan, the lender, holder or guaranty agency will also [illegible]. This may significantly and adversely affect my [illegible]* or guaranty agency must notify me at least 30 days [illegible] be disclosed to credit bureau organizations unless [illegible] days. The lender must provide a timely response to [illegible] regarding objections I might raise with that organi[illegible] of information reported about me.

[illegible] of the United States of America that the following [illegible] the information contained in my application for this [illegible] my knowledge and belief and is made in good faith. [illegible] make my loan check(s) jointly payable to me and my [illegible] the lender any refund which may be due me up to [illegible] educational institution that I may attend or HEAF to [illegible] holders, or their agents, any requested information [illegible] status, prior loan history, current address). I also [illegible] agent, the educational institution, or HEAF to make [illegible] or prior or subsequent lenders or holders, with [illegible] also authorize the lender, subsequent holder, [illegible] inquiries to the persons I have listed in my [illegible] my current address and telephone num[illegible] educational purposes for the academic [illegible] institution named on the application. [illegible] that cannot reasonably be attributed [illegible] that institution for the loan period [illegible] and that I do not [illegible], that I [illegible] Grant. [illegible] guaranteed student loan program [illegible] under that [illegible]

[illegible]

[illegible] enrollment or [illegible] student, and is making satisfactory [illegible] program deter[illegible] determined [illegible] loan applied [illegible] records available [illegible] of the st[illegible] requirements under [illegible] to receive [illegible] default on any loan made under [illegible] program [illegible] Part 558, and is not liable for any refund [illegible] under any student [illegible] identified in 34 CFR Part 668. I further [illegible] will comply [illegible] procedures of [illegible] The information provided in Sections 4 and 5 and this School Certification [illegible] complete and correct to the best of my knowledge and belief.

GSL 1004 A305 A307 2-86

## AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

| SIGNATURE | |
|---|---|
| X J McLaughlin | |
| TITLE Claims Analyst | DATE 12-18-91 |

F0025 10-87